PEOPLE v KIM WILLIAMS

Docket No. 92470. Submitted January 22, 1987, at Lansing. Decided June 15, 1987.

Kim A. Williams tendered unconditional pleas of guilty in Oakland Circuit Court to one count of unarmed robbery, two counts of breaking and entering with intent to commit larceny, and two counts of being an habitual offender, fourth offense, and was sentenced, Gene Schnelz, J. Prior to tendering the guilty pleas, defendant had moved to suppress evidence against him, alleging that he had been arrested without probable cause. The motions were denied. Defendant appeals, claiming that the trial court erred in denying his motions to suppress the evidence.

The Court of Appeals *held:*

The issues asserted by defendant relate to the capacity of the state to prove his factual guilt. Such issues are waived by an unconditional guilty plea.

Affirmed.

CRIMINAL LAW — APPEAL — GUILTY PLEAS — WAIVER.

An unconditional guilty plea waives a defendant's right to appeal issues relating to the capacity of the state to prove his factual guilt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*William G. Wolfram,* for defendant on appeal.

REFERENCES

Am Jur 2d, Appeal and Error § 909.

Am Jur 2d, Criminal Law §§ 481 *et seq.*

Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea arrangement. 89 ALR3d 864.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant was convicted on his pleas of guilty of one count of unarmed robbery, MCL 750.530; MSA 28.798, two counts of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305, and two counts of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. He was sentenced to serve two concurrent prison sentences of five to sixty years and appeals as of right.

Defendant tendered unconditional pleas of guilty in Oakland Circuit Court to the charges indicated. According to defendant's brief on appeal, a "conditional plea" is not available in Oakland County because the prosecutor's office, as a matter of policy, refuses to agree to such arrangements. Before defendant tendered his guilty pleas, he moved to suppress the evidence against him on the ground that he was arrested without probable cause. An evidentiary hearing was held, following which the motions were denied. Defendant claims on appeal that the trial court erred in denying the motions.

As acknowledged by both parties to this appeal, we must first determine whether defendant has waived his right to appeal the issues asserted. In *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986), the Supreme Court stated:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and impli-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cate the very *authority* of the state to bring a defendant to trial. . . ." [*People v*] *White,* 411 Mich [366] 398 [308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part.) In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

Since the issues asserted by defendant relate to the capacity of the state to prove his factual guilt, they have been subsumed by his guilty pleas. Although defendant could have preserved the issues by the procedural device of a "conditional plea" of guilty, such a plea required the agreement of the prosecutor, *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984), which the defendant was unable to obtain. Defendant having unconditionally pled guilty, he has waived the issues he now seeks to assert on appeal.

Affirmed.