PEOPLE v McFADDEN

Docket No. 99998. Submitted October 21, 1987, at Lansing. Decided August 15, 1988.

Reuben Devon McFadden was convicted on his plea of guilty of larceny in a building and of being a habitual offender, fourth offense, Oakland Circuit Court, Robert L. Templin, J. Defendant appealed, claiming that his arrest without a warrant was not supported by probable cause and the trial court therefore erred in denying his motion to suppress evidence and quash the information.

The Court of Appeals *held:*

1. The issues defendant raises on appeal relate to the state's capacity to prove his factual guilt. Thus, unless defendant's plea was conditional, he has waived his right to appeal these issues.

2. A conditional plea must be agreed to by the defendant, the prosecutor and the judge. Here, the record contains no indication of the prosecutor's agreement to a conditional plea by defendant. Defendant therefore did not tender a conditional plea from which he may claim a right of appeal.

Affirmed.

KELLY, P.J., dissented to state that the record of the plea hearing shows the plea was accepted by the judge on the condition that issues raised by defendant in his motion to suppress evidence and to quash the information would be preserved and that the prosecutor did not object. Judge KELLY would remand the case to give defendant the option of withdrawing his plea within thirty days, and would order the trial court to grant such a motion. If no such motion was made, Judge KELLY would affirm the conviction and sentence.

CRIMINAL LAW — APPEAL — GUILTY PLEAS — WAIVER.

A defendant who pleads guilty waives the right to appeal issues relating to the state's capacity to prove his factual guilt unless

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*

Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement. 89 ALR3d 864.

the plea was a conditional plea agreed to by the defendant, the prosecutor and the trial judge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Barbara J. Safran,* for defendant on appeal.

Before: KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

J. T. CORDEN, J. Defendant pled guilty to the charges of larceny in a building, MCL 750.360; MSA 28.592, and being a fourth-felony habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to two to fifteen years' imprisonment on the habitual offender conviction. Defendant appeals as of right and we affirm.

Defendant's sole issue regards his arrest without a warrant. Defendant contends that his arrest was not supported by probable cause; thus, the trial court erred in failing to suppress and exclude illegally seized evidence and in failing to quash the information based thereon.

We must first determine whether defendant has waived his right to appeal the issue asserted. It is clear that under *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986), the issue asserted by defendant is waived since it relates to the capacity of the state to prove defendant's factual guilt.

Defendant contends that he has preserved the issue by the procedural device of a "conditional" plea of guilty. *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984). A review of the record shows

---

* Circuit judge, sitting on the Court of Appeals by assignment.

that defendant's attorney requested the court to accept defendant's plea while preserving the issue defendant raised in his motion to quash the information. The court stated that the motion was preserved. However, the prosecutor did not respond to defendant's request nor did the court inquire about the prosecutor's position. Under *Reid, supra* at 329, defendant, the prosecutor, and the judge must agree to the conditional plea. Since the prosecutor did not, defendant has unconditionally pled guilty and has waived the issue he now seeks to assert on appeal. *People v Kim Williams,* 160 Mich App 738, 740; 408 NW2d 540 (1987).

Affirmed.

Doctoroff, J., concurred.

Kelly, P.J. *(dissenting).* The prosecutor's brief states:

> The record is clear that only the defense attorney and the trial judge agreed that the issue would be preserved for appeal.

As far as the record is concerned the prosecutor was never asked, nor did he so consent. But he certainly was there. The point is, the prosecutor didn't object. The prosecutor cannot by his silence lull the defense attorney and his client into relying on the express order of the trial court whether its ruling is supported by appellate precedent or not.

In *People v Kim Williams,* 160 Mich App 738, 740; 408 NW2d 540 (1987), cited by the majority, there was a bona fide unconditional plea. This record does not support the conclusion that defendant or his attorney was aware of the Oakland County Prosecutor's position on the nonavailability of conditional pleas as a prosecutorial policy. Defendant's plea of guilty was as follows:

*Mr. Weier* [*assistant prosecutor*]: Thank you, your Honor. Your Honor, it's my understanding that Mr. McFadden at this time wishes to change his plea and tender a plea of guilty to the original charge of larceny in a building and also to the habitual offender, fourth offense Information.

*Mr. Bondy* [*defense attorney*]: Your Honor, the statements of Mr. Weier are accurate and correct and I have explained to my client both the nature and the charges pending against him and we've been over a plea form. He understands all the rights he'd be waiving in pleading guilty thereto, and he stands ready for any questions the Court may have at this time.

Also I would say that my client is tendering this plea and I would ask the Court to preserve the issue that we raised on the motion that was heard by the Court this morning, if in fact, my client should decide to appeal that matter.

*The Court:* Very well, the motion will be preserved.

Mister McFadden, you've heard what the prosecutor and your counsel have stated that you do wish to plead guilty to the charges of larceny in a building and habitual offender fourth offense; is that right?

*Mr. McFadden:* Yes, sir.

*The Court:* Have there been any agreements made to get you to plead to these charges?

*Mr. McFadden:* No, sir.

The tendering of the plea was expressly conditioned and the court expressly ruled that the matter would be preserved. I would order this matter remanded to give the defendant the option to withdraw his plea within thirty days. And if he did move within thirty days to withdraw his plea, I would order the trial court to grant the motion. If the defendant failed to move to withdraw his plea within thirty days, I would order the conviction and sentence affirmed.