PEOPLE v PAUL EUGENE KELLEY

PEOPLE v MARY ANN KELLEY

Docket Nos. 109252, 109253. Submitted March 14, 1989, at Lansing. Decided August 10, 1989. Leave to appeal applied for.

Paul Eugene Kelley and Mary Ann Kelley were each charged with one count of possession with intent to deliver cocaine and one count of possession with intent to deliver marijuana. A district court examining magistrate dismissed the charges against defendants. On appeal, the Oakland Circuit Court reinstated the charges. Each defendant eventually pled guilty of the cocaine charge in exchange for the dismissal of the marijuana charge, Richard D. Kuhn, J. Defendants appealed, claiming a denial of their right to speedy trial had resulted from the prosecutor's untimely appeal from the district court's dismissal of the charges. Defendants also claimed that a search warrant involved in their case was supported by an affidavit which contained stale information.

The Court of Appeals consolidated the appeals and *held:*

1. A defendant who pleads guilty waives the right to appeal issues relating to the state's capacity to prove his factual guilt unless the plea was a conditional plea agreed to by the defendant, the prosecutor and the trial judge. Here, the record does not indicate agreement by the prosecutor to conditional guilty pleas by defendants. Their pleas were therefore unconditional pleas, by which they have waived the right to claim that the search warrant was invalid.

2. Defendants were not denied a speedy trial. The prosecutor's appeal, having been filed within fourteen days of the district court's entry of the order dismissing the charges but more than two months after the district court orally dismissed the charges, was timely. A docket entry is not a judgment or order for purposes of computing the time for filing a claim of appeal. Additionally, defendants have not shown any prejudice resulting from the delay.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 160, 268; Criminal Law § 490.

See the Index to Annotations under Appeal and Error; Criminal Law; Prosecuting Attorneys; Speedy Trial; Waiver and Estoppel.

1. Criminal Law — Appeal — Guilty Pleas — Waiver.
> A defendant who pleads guilty waives the right to appeal issues relating to the state's capacity to prove his factual guilt unless the plea was a conditional plea agreed to by the defendant, the prosecutor and the trial judge.

2. Appeal — Timeliness — Docket Entries.
> A docket entry is not a judgment or order for purposes of computing the time for filing a claim of appeal (MCL 2.602[A]).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *L. Brooks Patterson*, Prosecuting Attorney, *Robert C. Williams*, Chief, Appellate Division, and *Paul J. Fischer*, Assistant Prosecuting Attorney, for the people.

*John R. Carney, P.C.* (by *John R. Carney*), for defendants.

Before: Doctoroff, P.J., and Maher and Marilyn Kelly, JJ.

Per Curiam. Defendants each pled guilty to one count of possession with intent to deliver cocaine. MCL 333.7401; MSA 14.15(7401). In exchange, additional, original charges of possession with intent to deliver marijuana were dropped. MCL 333.7401; MSA 14.15(7401). Defendant Paul Kelley was sentenced to two years of probation, with the first year to be served in the Oakland County Jail. Defendant Mary Ann Kelley was sentenced to two years of probation, with the first ninety days to be served in the Oakland County Jail.

Defendants appeal as of right and claim they were denied a speedy trial, because the prosecutor untimely appealed an order dismissing the charges against them. They urge also that a certain search warrant was based on an insufficient affidavit containing stale information. We affirm.

The prosecutor contends correctly that the

search warrant issue was waived by defendants' guilty pleas. There are two types of guilty pleas, unconditional and conditional. Under *People v New,* 427 Mich 482, 496; 398 NW2d 358 (1986), an unconditional plea waives all claims relating to the capacity of the state to prove the accused's factual guilt. A conditional plea may not. A conditional plea requires the agreement of the defendant, the prosecutor, and the judge. *People v Reid,* 420 Mich 326, 337; 362 NW2d 655 (1984).

After reviewing the records, we conclude that the prosecutor did not agree to conditional pleas. Thus, defendants' pleas were unconditional and, by pleading guilty, they waived all claims relating to the invalidity of the search warrant. See *People v McFadden,* 170 Mich App 640; 428 NW2d 729 (1988); *New, supra.*

With respect to the speedy trial claims, there is a split on this Court as to whether a claim of denial of speedy trial survives a guilty plea. See *People v Rivera,* 164 Mich App 670; 417 NW2d 569 (1987), and cases cited therein (claim waived), and *People v Sickles,* 162 Mich App 344; 412 NW2d 734 (1987), lv den 429 Mich 898 (1988) (claim not waived).

However, it is unnecessary for us to take sides, because we conclude that in this case there was no denial of speedy trial. The district court orally dismissed the charges against defendants on July 1, 1985. Orders dismissing the charges were submitted by the prosecutor and signed by the district court on September 13. The prosecutor appealed the orders fourteen days later. Defendants urge that the docket entries made July 1 constitute the orders. Therefore, they conclude, the prosecutor's appeal was untimely, as it was not filed within twenty-one days. MCR 7.101(B)(1)(a).

Docket entries do not conform to the require-

ments for an order. MCR 2.602(A). They are not used for the purpose of computing the time for filing a claim of appeal. *Hartman v Roberts-Walby Enterprises, Inc,* 380 Mich 105; 155 NW2d 842 (1968); *People v Norman,* 9 Mich App 647, 651, n 4; 158 NW2d 38 (1968). The prosecutor's appeal was timely.

We also conclude that defendants were not denied speedy trials by the prosecutor's 2½-month delay in presenting and entering the orders. Defendants could have presented the orders for entry themselves on any earlier date. MCR 2.602(B)(2) and (3). In addition, they have not shown prejudice as a result of the 2½-month delay. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

Affirmed.