PEOPLE v HARVEY

Docket No. 153458. Submitted November 10, 1993, at Lansing. De-
cided February 7, 1994, at 9:45 A.M.

Charles W. Harvey, Jr., pleaded guilty in the Genesee Circuit
Court, Thomas C. Yeotis, J., of delivery of less than fifty grams
of cocaine and possession with intent to deliver more than fifty
grams, but less than 225 grams, of cocaine. He was sentenced
to lifetime probation for the delivery conviction and five to
twenty years in prison for the possession conviction, the latter
being a downward departure from the statutorily prescribed
ten-year minimum sentence. The prosecutor appealed from the
sentence for the possession conviction, and the defendant cross
appealed, arguing that the police did not have probable cause
to obtain the search warrant for the search of his residence.

The Court of Appeals *held:*

1. The trial court did not clearly err in determining that
there were substantial and compelling reasons to depart from
the statutorily prescribed minimum sentence. The court made
objective findings to support its determination.

2. The defendant waived his challenge to the validity of the
search warrant by tendering an unconditional guilty plea.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Arthur A. Busch,* Prose-
cuting Attorney, *Donald A. Kuebler,* Chief, Appel-
late Division, and *Dale A. DeGarmo,* Assistant
Prosecuting Attorney, for the people.

*Archie L. Hayman,* for the defendant.

Before: M. J. KELLY, P.J., and HOOD and T. R.
THOMAS,* JJ.

HOOD, J. Defendant pleaded guilty of delivery of

* Circuit judge, sitting on the Court of Appeals by assignment.

less than fifty grams of cocaine, MCL 333.7401(2) (a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession with intent to deliver more than fifty grams, but less than 225 grams, of cocaine, MCL 333.7401(2) (a)(iii); MSA 14.15(7401)(2)(a)(iii). In return, the prosecutor agreed to dismiss a charge of possession with intent to deliver marijuana. Defendant was sentenced to lifetime probation for the delivery conviction and to five to twenty years in prison for the conviction of possession with intent to deliver, the latter being a downward departure from the statutorily prescribed ten-year minimum. Both parties appeal as of right. We affirm.

The prosecutor appeals from the decision of the trial court to sentence defendant to a term less than the ten-year minimum prescribed by the statute. The prosecutor argues that substantial and compelling reasons for departure did not exist in this case. We disagree.

A trial court's discretion to impose a sentence of less than that mandated by the statutes in controlled substances cases was the subject of conflicting decisions by this Court, which were resolved by a conflict panel convened pursuant to Administrative Order No. 1990-6 in *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991). The majority opinion in *Hill* followed the rationale of *People v Downey,* 183 Mich App 405; 454 NW2d 235 (1990), as modified by *People v Krause,* 185 Mich App 353; 460 NW2d 900 (1990), i.e., that the reasons for departure from the mandatory minimum sentence must be objective and verifiable. "However, the trial court may consider postarrest facts, although consideration of postarrest facts should be undertaken with much greater caution than consideration of prearrest facts because of the risk that defendants will create postarrest events to influence the sentencing judge." *Hill, supra* at 115.

The decision in *Hill* emphasized that there was no intent to strip trial judges of all discretion, emphasizing at page 119:

> The threshold decision that the trial judge must make is whether there are substantial and compelling reasons to depart from the mandatory minimum sentence by imposing a lesser minimum sentence. It is with respect to this threshold decision that the Legislature has evidenced its intent to limit to extreme cases departure from the statutory minimum sentence. However, once the trial court determines that there are substantial and compelling reasons to depart from the statutory minimum sentence, there are no limits in the statute of the factors that the trial judge may apply in deciding how far below the statutory minimum sentence the court should go. In such a case, all the standard considerations that exist in sentencing are at the disposal of the judges, and they are subject to review on the same basis as in any other case. Between the statutory mandatory minimum and whatever lesser minimum sentence the trial court imposes there lies adequate room for the exercise of sound judicial discretion. The mandatory minimum is a barrier; it is not a straight jacket.

In *People v Shinholster,* 196 Mich App 531, 534; 493 NW2d 502 (1992), we noted that the words "substantial" and "compelling" are "not a threshold that is meant to be impossible to reach," and rejected a trial court's conclusion that the terms could apply only if it could be said the sentence was so disproportionately high in light of the offense and the offender that virtually no trial judge would deem the sentence to be appropriate. To the contrary, the amendatory statutory language permitting departure was to "moderate what has been an uncompromising law and . . .

give judges greater flexibility in making sentencing decisions based on the individual circumstances of a case." *Hill, supra* at 117.

What our opinions have perhaps left unclear is the standard by which we are to review the trial court's determination that there are substantial and compelling reasons for departure. The above language in *Hill* clearly indicates that once the decision to depart has been made, the sentence imposed is subject to review for an abuse of discretion. The original determination, however, requires that the trial court make a finding "on the record that there are substantial and compelling reasons to do so." MCL 333.7401(4); MSA 14.15(7401)(4). The factors to be considered by the court may include, but are not limited to: (1) the facts of the crime that mitigate the defendant's culpability, (2) the defendant's prior record, (3) the defendant's age, (4) the defendant's work history, (5) the defendant's cooperation with police following arrest, and (6) the defendant's criminal history. *Hill, supra* at 110, 114.

The findings regarding these factors by the trial court are factual determinations and therefore should be reviewed by this Court for clear error. *People v Legg,* 197 Mich App 131, 134; 494 NW2d 797 (1992).

In this case, the trial court made objective findings that defendant had no prior record, either as an adult or a juvenile, and was thirty-three years of age at the time of his arrest. He also had strong family support and had been steadily employed at General Motors for fourteen years. In addition, he had been on a tether program (for the less serious conviction) for about a year before being sentenced for the instant offense and had been, in the words of the trial court, "an exemplary probationer." We

find no clear error in the trial court's determination that there were substantial and compelling reasons for a downward departure.

Defendant filed a cross appeal as of right following the prosecutor's appeal. In his cross appeal, defendant argues that the police did not have probable cause to obtain a search warrant for the search of his residence. However, by tendering an unconditional guilty plea, defendant has waived his challenge to the validity of the search warrant. *People v New,* 427 Mich 482, 496; 398 NW2d 358 (1986); *People v Kelley,* 181 Mich App 95, 97; 449 NW2d 109 (1989).

Affirmed.