PEOPLE v MICHIELUTTI

Docket No. 251706. Submitted March 1, 2005, at Detroit. Decided May 3,
    2005, at 9:20 a.m. Leave to appeal sought.

   Robert V. Michielutti pleaded guilty in the Macomb Circuit Court,
       Pat M. Donofrio, J., of possession with intent to deliver 50 grams
       or more, but less than 225 grams, of cocaine and was sentenced to
       ten to twenty years of imprisonment at a time when MCL
       333.7401(2)(a)(iii) required a minimum sentence of ten years.
       After the statute was amended to eliminate the mandatory ten-
       year minimum term, the defendant moved for a resentencing. The
       court, Richard L. Caretti, J., denied the motion. The defendant
       appealed by leave granted.

       The Court of Appeals *held*:

       1. The defendant may not benefit from a retroactive applica-
       tion of the amendment of MCL 333.7401 that eliminated the
       ten-year mandatory minimum sentence. The abolition of the
       mandatory minimum sentence was intended to apply prospectively
       only. Persons convicted under the earlier legislation may avail
       themselves of the parole provisions of the revised statute, not the
       elimination of the mandatory minimum.

       2. A resentencing is required. At the time of sentencing, MCL
       333.7401(4) provided that a sentencing court may depart from the
       minimum term of imprisonment if the court finds substantial and
       compelling reasons to do so. At sentencing, the defendant claimed
       that his cooperation with law enforcement, lack of a criminal
       record, work history, age, and family support were substantial and
       compelling reasons for a downward departure from the mandatory
       minimum term. However, the sentencing judge addressed only the
       claimed cooperation with law enforcement. On remand for resen-
       tencing, the trial court must consider and make a ruling on the
       other claimed reasons, as well as all other applicable factors,
       including the ameliorative change in legislative policy embodied by
       the amendment of MCL 333.7401.

       Sentence vacated and case remanded for resentencing.

       MURRAY, P.J., concurring in part and dissenting in part, agreed
       that the trial court failed to address several objective and verifiable

factors for a downward sentence departure, so the case must be remanded for resentencing. The majority's determination that a change in the law is a factor that can be considered by a trial court when departing from the sentencing guidelines was not raised by the defendant, need not have been decided, and should not be decided without the benefit of full advocacy.

SENTENCES — CONTROLLED SUBSTANCES — MANDATORY MINIMUM SENTENCES.

A defendant who is convicted of the illegal manufacture, creation, delivery, or possession of a controlled substance and received the minimum sentence mandated by statute, but who is entitled to a resentencing at a time when the statute no longer mandates the minimum sentence imposed, may offer as a substantial and compelling reason for a downward sentencing departure the ameliorative legislative policy change embodied by the statutory amendment (MCL 333.7401[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Carl J. Marlinga*, Prosecuting Attorney, *Robert J. Berlin*, Chief Appellate Attorney, and *Joshua D. Abbott*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne M. Yantus*) for the defendant.

Before: MURRAY, P.J., and MARKEY and O'CONNELL, JJ.

O'CONNELL, J. Defendant pleaded guilty of possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine, the former MCL 333.7401(2)(a)(iii), and was sentenced to serve ten to twenty years' imprisonment. Defendant appeals by leave granted. We vacate and remand for resentencing. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Defendant first argues that he should be resentenced so that he may benefit from retroactive application of amendments of MCL 333.7401, which eliminated the

ten-year mandatory minimum sentence. However, we have squarely resolved this issue, determining that the abolition of the mandatory minimum sentence was intended to apply prospectively only. *People v Thomas*, 260 Mich App 450, 458-459; 678 NW2d 631 (2004). Accordingly, persons convicted under the earlier legislation may avail themselves of the parole provisions of the revised statute, not the elimination of the mandatory minimum. *Id.*; see also MCL 791.234.

Defendant alternatively argues that the trial court abused its discretion in refusing to find substantial and compelling reasons to impose a minimum sentence below the ten years that the statute required when the court imposed sentence. We agree that resentencing is required.

At the time of defendant's sentencing, MCL 333.7401(4) provided that "[t]he court may depart from the minimum term of imprisonment . . . if the court finds on the record that there are substantial and compelling reasons to do so." Substantial and compelling reasons for downward departures for the purposes of this statute included "only those factors that are objective and verifiable . . . ." *People v Fields*, 448 Mich 58, 62; 528 NW2d 176 (1995).

We review for clear error a sentencing court's determination whether a particular factor exists. We review de novo whether a factor is objective and verifiable and review for abuse of discretion a sentencing court's determination that qualifying factors constitute substantial and compelling reasons to depart from the guidelines range. *Id.* at 77-78.

At sentencing, defendant raised the issues of his age, work history, criminal history, and family support. Defendant also specifically asked the court to depart downward from the mandatory sentence because he

cooperated with law enforcement. On the issue of a downward departure, the trial court stated:

> The statute requires a mandatory minimum sentence of ten years . . . unless there are substantial and compelling reasons to depart . . . . In order for there to be a departure from the mandatory minimum it's incumbent upon the defendant to make a showing of those substantial and compelling reasons.
>
> Historically those reasons having [sic] included cooperation with law enforcement in order to reduce the criminal cartel in the delivery of narcotics. And historically from other similarly situated cases the only substantial and compelling reason that has been accepted has been the objective providing of assistance to law enforcement such that the criminal enterprise is diminished.
>
> That showing has not been made here. While I'm sure that [defendant] in his heart would have liked to have cooperated, or rendered other assistance, so as to be able to make a showing of substantial and compelling reasons for departure, he found that he was not capable of doing that. . . .
>
> The legislature has effectuated such a severe penalty because of the poison that drugs does [sic] to the community. . . .
>
> * * *
>
> I have read the letters . . . . And while I'm sure there are aspects of your personality and being that are worthwhile . . . to the community, you did not traffic on your strengths but instead traffic [sic] upon your greed because the enterprise was for money alone. . . . And therefore the Court fails to find substantial and compelling reasons to depart from the mandatory minimum.

Defendant asserts that the trial court erred in concluding that providing assistance to law enforcement was the only basis on which a downward departure may rest. He protests that the trial court failed to recognize

his lack of a criminal record as a valid factor for consideration, along with his work history, age, and family support. To the extent applicable, each of the first three is recognized as a valid, objective, and verifiable factor. *Fields*, *supra* at 77 (criminal record, work history, and age). Likewise, family support can serve as an objective and verifiable factor. See *People v Daniel*, 462 Mich 1, 5, 8; 609 NW2d 557 (2000); *People v Harvey*, 203 Mich App 445, 448; 513 NW2d 185 (1994). Defendant's presentence investigation report consistently indicates that defendant was forty-five years old, had no prior criminal record of any kind, and had always maintained steady employment. Because these were objective and verifiable factors raised at sentencing, the sentencing court should have, in the process of exercising its discretion, responded to each of them on the record. Without a record of the court's review of presented factors, the sentencing court forces us to assume that the court properly or improperly exercised its discretion. *People v Triplett*, 432 Mich 568, 571-573; 442 NW2d 622 (1989). In a similar sentencing situation, the Supreme Court required a sentencing court to disclose its discernment of discretionary matters, and in this case the seriousness of imposing a mandatory ten-year sentence compels some measure of reasonable disclosure as well. *Id.*

Here, the trial court acknowledged only the lack of success in assisting law enforcement, to the exclusion of four factors that could legitimately have warranted a downward departure. The trial court simply failed to address the other factors. Accordingly, we vacate defendant's sentence and remand this case to the trial court to consider on the record the question of a downward departure, addressing all the applicable factors.[1] We

---

[1] We note that we are not limited by the appellate confinements in MCL 769.34(10), because the mandatory minimum sentence imposed actually exceeds the guidelines in this case by several years.

emphasize, however, that we are only seeking correction, if necessary, of the court's failure to consider properly presented factors and further clarification of what role, if any, these potential factors played in the ultimate sentencing decision. *Id.* Unfortunately, the trial court accepted some of the factors as applicable to defendant, but it did not apply them to his case. With other factors, it failed to address their validity. Given the current state of uncertainty in the record and the additional legal guidance this opinion provides, the simplest way to achieve the correct review is to vacate defendant's sentence and remand for resentencing.[2] Nevertheless, we do not require a different result. A factor's validity is a question of fact that we do not decide on appeal, but leave to the sentencing court's capable power of discernment. Moreover, the sentencing court should not mistake anything in our opinion as a decision on the ultimate issue whether these factors are substantial and compelling. This determination remains within the sentencing court's discretion. *People v Claypool*, 470 Mich 715, 723; 684 NW2d 278 (2004). Rather, we primarily remand for an articulated review and application of defendant's facts to the appropriate legal principles.

Finally, as noted above, several recent opinions have held that the new sentencing strictures in MCL 333.7401 do not apply retrospectively. *Thomas, supra*; *People v Doxey*, 263 Mich App 115, 123; 687 NW2d 360 (2004). While we agree that these opinions properly reflect the Legislature's intent on prospective application, neither the revised statutes nor these decisions limit the sentencing court's ability, in its discretion, to deviate from the mandatory minimum on the basis of

---

[2] This is especially true in light of the fact that this case will be remanded to the original sentencing judge's successor.

substantial and compelling reasons. See former MCL 333.7401(4); *Claypool, supra* at 719-720. As in *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990) (opinion by ARCHER, J., joined by LEVIN and CAVANAGH, JJ.), the Legislature preserved the sentencing court's discretion when it revamped MCL 333.7401 and MCL 333.7403, indicating that it did not intend to chain the court to the mandatory sentences listed in the old, abolished scheme. In other words, while application of the new sentencing framework is certainly not mandatory in preamendment cases, neither is the blind implementation of the old sentencing scheme. In *Schultz*, the Supreme Court went even further and stated that the defendant did not need to show any substantial and compelling reasons before receiving the benefit of the revised statute. *Id.* at 532-533 (opinion by ARCHER, J.). The wayward Schultz and his contemptible coappellant, Sand, each received new sentences despite the disparity in the Court's esteem for them. *Id.*

While we are bound by precedent to stop short of adopting this approach, we acknowledge that the fundamental tenets in *Schulz* remain good law: The Legislature intentionally granted sentencing courts greater discretion to fashion an appropriate sentence for these violations, and in light of a dramatic and ameliorative change in legislative policy, courts should determine whether an offender's case merits application of the Legislature's newfound leniency. *Id.* Therefore, the new, ameliorative legislative policy qualifies as an objective and verifiable reason to depart from the former mandatory sentence.

If a court finds that an offender has objective and verifiable qualities that especially accord with the new legislative policy, the court, in its discretion, may consider all these reasons together and conclude that they

yield substantial and compelling reasons to depart from the old mandatory sentence. We direct the sentencing court to consider this approach on remand. Our decision should not be interpreted as an invention of new law or an alteration of existing law, but it is intended to inject some reason and sound judgment into an area of law that is currently on the road to absurdity.

Sentence vacated and case remanded for resentencing. We do not retain jurisdiction.

MARKEY, J., concurred.

MURRAY, P.J. (*concurring in part and dissenting in part*). In addressing the issue raised and decided below and now raised on appeal by defendant, the majority correctly concludes that the trial court erred in failing to address several of the objective and verifiable factors for a downward sentence departure presented to it by defendant. Those factors are defendant's age, lack of prior record, work history, and family support. See *People v Fields*, 448 Mich 58, 77; 528 NW2d 176 (1995). Therefore, I concur in the need to remand this case for resentencing so that the trial court can address those factors raised by defendant.

However, I part company with my colleagues in their sua sponte initiative to create new standards for use by trial courts when considering sentencing departures. With all due respect to the majority, there are significant procedural reasons why their discussion on this issue is premature.

As any casual reader of the Michigan Appeals Reports will recognize, we quite frequently inform parties that we will not address an issue not raised or decided by the trial court, on the basis that it is not properly preserved. *Adam v Sylvan Glynn Golf Course*, 197 Mich

App 95, 98; 494 NW2d 791 (1992); *People v Stacy*, 193 Mich App 19, 28; 484 NW2d 675 (1992). We are likewise disinclined to review issues that are actually raised by the parties, but not adequately briefed. See, e.g., *Steward v Panek*, 251 Mich App 546, 558; 652 NW2d 232 (2002). The general rationale supporting these prudent rules of appellate procedure is that it is best to decide issues with the benefit of briefing and argument. *Bradley v Saranac Bd of Ed*, 455 Mich 285, 302-303; 565 NW2d 650 (1997). Although we will, at times, decide a legal issue when the facts necessary to its resolution are properly before us, that is usually invoked when a party raises the issue to this Court as an alternative means to affirm. See *Spruytte v Owens*, 190 Mich App 127, 132; 475 NW2d 382 (1991).

Here, defendant did not argue to the trial court that a change in the law was a basis to support a downward departure, and he has not raised that issue before this Court. Thus, the majority has taken upon itself to raise an issue that has never been raised in either court[1] and that addresses an issue that has not been decided by any appellate court of this state. This is contrary to the policies of appellate procedure noted above, and it is imprudent to overlook those cases.

Additionally, because we have unanimously concluded that resentencing is required on the basis of the trial court's failure to consider all defendant's articulated objective and verifiable reasons for departure, *Fields*, *supra*, any further discussion is unnecessary to a decision, and therefore dicta. *Mitchell v Detroit*, 264 Mich App 37, 44; 689 NW2d 239 (2004). For these reasons, I would not discuss or decide the issue whether

---

[1] Of course, there are limited circumstances under which a court must raise issues sua sponte, such as the issue of subject-matter jurisdiction. *In re Fraser Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

a change in law is a factor to be utilized by a trial court in departing from a sentencing guideline, as that decision is better left to a case in which the Court has benefited from full advocacy.[2]

No appellate court in this state has yet to hold that a change in the law—which is obviously objective and verifiable—can be considered in determining whether a defendant's sentence should deviate below (or above) the sentencing guidelines. I advocate against creating this questionable new rule of law in a case in which the issue was neither raised nor decided at any level.

---

[2] It is also quite possible that the majority has erred in its conclusion. We have unequivocally held that the amendments to MCL 333.7401 do not apply retroactively. *People v Thomas*, 260 Mich App 450, 458-459; 678 NW2d 631 (2004). Thus, in *Thomas*, the defendant, who was sentenced on April 24, 2002, could not benefit from the amended statute effective March 1, 2003. So too here. As the majority notes, *Thomas* is binding and precludes application of the amended statute to defendant, who was sentenced on September 9, 2002. Such a conclusion is also consistent with MCL 769.34(2), which provides generally that a defendant is to be sentenced under the law in effect on the date of his offense. *People v Dailey*, 469 Mich 1019 (2004).

The majority's direction to the trial court to consider this change of law if it determines that other factors point to a downward departure seems contrary to this law. If an amendment to a sentencing statute is not retroactive, how can a court be allowed to consider the amendment when sentencing? If the amendment is not retroactive, it does not apply to *any* circumstances occurring before its enactment date.