# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMACENO RICHARD ABREGO,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No.   320973
Ionia Circuit Court
LC No.   2013-015796-FH

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

MURRAY, J. (*concurring in part, dissenting in part*).

In his brief on appeal defendant argues that the trial court incorrectly scored both offense variables (OV) 8 and 19.  Defendant specifically argues that OV 8 was improperly scored because the children who were in the car with defendant (their father) when he was arrested for Operating While Intoxicated Second-Offense (OWI 2d) were not asported by defendant to a place of greater danger.  With respect to OV 19, defendant argues that the evidence does not support that he interfered with the lawful administration of justice.  I concur in the majority's decision to reject the arguments defendant raised with respect to both of these offense variables.

Because these are the only issues raised by defendant, we should be affirming the trial court's sentences.  However, the majority opinion takes the additional step of raising an issue that was not raised by defendant (and therefore not responded to by the prosecution), either here or in the trial court.  Although there is no doubt we have the power to raise and decide issues on our own, see *People v McDade*, 301 Mich App 343, 359; 836 NW2d 266 (2013), in my view it is preferable not to raise and decide issues sua sponte, as we should not be in the business of litigating the cases for the parties—especially without their input.  See, e.g., *People v Michielutti*, 266 Mich App 223, 230-231; 700 NW2d 418 (2005) (MURRAY, P.J., *concurring in part, dissenting in part*), reversed in part 474 Mich 889 (2005).  But because the majority opinion has chosen to do so, I will respond to the merits of this newly raised issue.

The issue raised by the majority is that the trial court erred in scoring OV 8 on the basis that asporting the children was merely incidental to committing the underlying offense of OWI-2nd, relying upon *People v Spanke*, 254 Mich App 642; 658 NW2d 504 (2003).  The portion of *Spanke* that the majority relies upon is dicta, and even if it was not, it is simply incorrect.  In *Spanke* defendant argued that OV 8 should not have been scored 15 points because the victims were moved voluntarily and without force, and thus, according to defendant, they were not

-1-

asported. *Id*. at 645. The holding of the *Spanke* Court was that the term "asportation" as used in MCL 777.38(1)(a) "can be accomplished without the employment of force against the victim." *Id*. at 647. With that conclusion, the defendant's argument was addressed and the sentence was affirmed. Anything additional said by the Court on this issue-and what was additionally said is addressed below-was undoubtedly dicta. *Carr v Lansing*, 259 Mich App 376, 383-384; 674 NW2d 168 (2003).

In the course of its discussion of the meaning of asportation, the *Spanke* Court looked to how asportation had been judicially defined for use under the kidnapping statute, MCL 750.359, which was that asportation, i.e., the movement of the victim, could not be "incidental to committing the underlying offense," quoting *People v Green*, 228 Mich App 684, 696-697; 580 NW2d 444 (1998) (defining the judicially created element of asportation for use in the kidnapping statute). Since then, our Court on at least one occasion has said when addressing OV 8 that to "establish asportation, the movement of the victim must 'not be incidental to committing an underlying offense.' " *People v Dillard*, 303 Mich App 372, 380; 845 NW2d 518 (2013), quoting, of course, *Spanke*, 254 Mich App at 647. There are several legal problems with the "incidental to committing the underlying offense" dicta from *Spanke*.

First, as recognized by the dissenting opinion in the order case of *People v Thompson*, 488 Mich 888, 889; 788 NW2d 677 (2010) (YOUNG, J., joined by CORRIGAN, J., *dissenting*), there is no language within MCL 777.38 providing that asportation not be incidental to the underlying offense. Absent any such language from the Legislature limiting the provisions of OV 8, it should not be imported by judicial fiat. Second, in attempting to define asportation the *Spanke* Court looked to the case law definition of that term that was judicially imported into the kidnapping statute, which is rather peculiar given that (1) we typically look to the legal dictionary for the definition[1] to undefined terms that have a peculiar legal connotation, *Horace v City of Pontiac*, 456 Mich 744, 756; 575 NW2d 762 (1998), and (2) kidnapping is the one crime that *cannot* be scored under OV 8. To assume (as the *Spanke* Court did) that the Legislature silently adopted the case law definition of asportation used under a statute not even applicable or related to the one at issue is an assumption that I cannot make.

As a result, I would simply affirm the trial court's scoring of OV 8 and OV 19 because the arguments raised by defendant were without merit.

/s/ Christopher M. Murray

---

[1] *Black's Law Dictionary* (7th ed) defines "asportation" as "the act of carrying away or removing (property or a person)."