PEOPLE v BATES

Docket No. 125709. Submitted April 17, 1991, at Lansing. Decided
May 14, 1991; approved for publication July 11, 1991, at 9:05
A.M.

Brian A. Bates was convicted following a bench trial in the Eaton
Circuit Court, James L. Theophelis, J., of aiding and abetting
the delivery of more than 50 but less than 250 grams of cocaine
and conspiracy to deliver more than 50 but less than 250 grams
of cocaine and was sentenced to two consecutive terms of five
months in jail. The prosecutor appealed by leave granted,
arguing that no substantial and compelling reasons existed to
warrant departure downward from the statutorily mandated
minimum of two consecutive five-year terms, and that the
sentences imposed are excessively lenient and represent an
abuse of discretion.

The Court of Appeals *held:*

1. There were substantial and compelling reasons for the
trial court's departure from the statutorily mandated minimum
sentences. Imposition of the sentences was not an abuse of
discretion, and the sentences were proportional to the circum-
stances of the offense and the offender.

2. The court did not err in considering the lack of availability
of good-time credits in reducing the defendant's initial sen-
tences of six months to sentences of five months. The reduction
was merely a correction to reflect the sentences originally
intended.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Donald L. Correll,* for the defendant.

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

Per Curiam. After a bench trial, the trial court convicted defendant of aiding and abetting the delivery of and conspiracy to deliver more than 50 but less than 250 grams of cocaine. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii); MCL 750.157a; MSA 28.354(1). The court sentenced defendant to two consecutive terms of five months in jail. The prosecutor appeals arguing that substantial and compelling reasons do not exist in this case to warrant departure downward from the statutorily mandated minimum of two consecutive five year terms. He also contends that the sentence imposed is excessively lenient and an abuse of discretion. We affirm.

The trial court may depart from the mandatory minimum term if, from the record, it is apparent that substantial and compelling reasons exist. MCL 333.7401(4); MSA 14.15(7401)(4). A nonexhaustive list of factors which may be considered include: (1) the extent of defendant's culpability, (2) defendant's prior record, (3) defendant's age and (4) defendant's work history. *People v Downey,* 183 Mich App 405, 414-415; 454 NW2d 235 (1990). Appropriate factors are not limited to those that are objective and verifiable and that existed before defendant's arrest. *People v Troncoso,* 187 Mich App 567; 468 NW2d 287 (1991).

In this case, defendant provided transportation on two occasions for Scott Messacar while Messacar sold drugs to an undercover officer. The actual transactions took place inside an apartment while defendant waited outside in an automobile. Defendant testified that he did not know that Messacar was involved with narcotics.

The trial court listed several reasons for departing from the statutory minimum: Defendant had a small part in the criminal activity, and his involvement was not for financial profit. The court

believed that defendant did not provide the narcotics, because he had no direct contact with Messacar when the latter obtained them. Defendant had no contact with the buyer, either, and he had no other criminal involvement. He was attending college, had a job, and at twenty-three years of age, was preparing himself to be a productive member of the community. He had support from family and from others who had contact with him. In addition, the court had departed from the statutory minimum term when sentencing Messacar.

Defendant's community and family support could not be considered under *Downey* as it is nonverifiable. However, we believe the other factors, when taken together, constitute substantial and compelling reasons to depart from the statutory minimum under either *Downey* or *Troncoso.* Moreover, we believe the sentences of two consecutive five month terms are not an abuse of discretion. They are proportional to the circumstances of the offense and to the offender. *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990).

The prosecutor also argues that the judge erred when he considered the lack of availability of good time credits in sentencing defendant. The court initially sentenced him to six months on each count. However, when informed that defendant was not entitled to good time credit, he reduced the sentences to five month terms.

It is improper to increase a defendant's sentence on the basis of anticipated good-time reductions. *People v Fleming,* 428 Mich 408, 425; 410 NW2d 266 (1987). The rationale behind this holding is that the computation of credits is speculative; there is no guarantee that defendant will ultimately receive the credits. *Fleming,* 426-427.

In this case, speculation is not involved. The judge wanted to impose a five month sentence. It

would have been improper for him to enhance the sentence to six months based solely on possible good-time credits. Here, he corrected the sentence to reflect what he intended. The judge did not err.

Affirmed.

SAWYER, P.J., concurred in the result only.