PEOPLE v SHELL

Docket No. 133229. Submitted May 18, 1993, at Detroit. Decided June
    8, 1993, at 9:35 A.M.

Demario D. Shell was convicted by a jury in the Jackson Circuit
    Court, Gordon W. Britten, J., of assault with intent to commit
    murder. The court sentenced the defendant to life imprison-
    ment, believing that the sentence was within the sentencing
    guidelines minimum range of 96 to 180 months because the
    defendant would be eligible for parole in ten years. The defen-
    dant appealed.

The Court of Appeals *held:*

A sentence that exceeds the sentencing guidelines cannot be
    considered to be within the guidelines merely because the time
    at which the defendant becomes eligible for parole coincides
    with a point within the range recommended by the guidelines.

Reversed and remanded for resentencing.

SENTENCES — SENTENCING GUIDELINES — ELIGIBILITY FOR PAROLE.

The time at which a defendant becomes eligible for parole may
    not be considered when determining whether a sentence is
    within the range recommended by the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Hurst,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*William H. Archer,* for the defendant on appeal.

Before: MURPHY, P.J., and McDONALD and W. R. BEASLEY,* JJ.

PER CURIAM. Defendant was convicted after a

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.*; Pardon and Parole §§ 73 *et
    seq.*

See ALR Index under Parole, Probation, and Pardon; Sentence and
    Punishment.

jury trial of assault with intent to commit murder, MCL 750.83; MSA 28.278, and was sentenced to life in prison. Defendant appeals, contending that his sentence is disproportionately severe. We reverse and remand.

Defendant's sentence exceeds the minimum sentence range of 96 to 180 months provided by the guidelines for this offense. While the sentencing court was not bound by the guidelines, the record indicates that the sentencing court believed that, because defendant would be eligible for parole within ten years, defendant was being sentenced within the guidelines. A sentence that exceeds the guidelines is not within the guidelines merely because the time at which the defendant becomes eligible for parole coincides with a point within the range provided by the guidelines. We are unaware of any requirement in the sentencing guidelines for the consideration of a defendant's eligibility for parole, nor has this factor traditionally been considered when determining whether a sentence is within the guidelines. This is in keeping with the premise that it is improper to increase a defendant's sentence on the basis of an anticipated reduction of the sentence for good time.[1] See, e.g., *People v Fleming,* 428 Mich 408, 425-427; 410 NW2d 266 (1987); *People v Bates,* 190 Mich App 281, 283; 475 NW2d 392 (1991). Because the sentencing court erroneously believed that the defendant was being sentenced within the guidelines, we reverse and remand for resentencing. We do not reach the issue whether defendant's sentence is proportionate.

Reversed and remanded for resentencing. We do not retain jurisdiction.

---

[1] As did our Supreme Court in *People v Rushlow,* 437 Mich 149, 155-156; 468 NW2d 487 (1991), we distinguish the consideration of "good time" in imposing a sentence from the consideration of disciplinary credits when determining whether a sentence violates *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989).