PEOPLE v DANIEL

Docket No. 113647. Argued November 8, 1999 (Calendar No. 5). Decided
    May 2, 2000.

    Danny M. Daniel was convicted in the Oakland Circuit Court of deliv-
        ering between 50 and 225 grams of cocaine. The court, Meyer War-
        shawsky, J., concluded that there were substantial and compelling
        reasons for departing from the statutory sentencing mandate, and
        imposed a prison term of five to twenty years. The Court of
        Appeals, D. E. HOLBROOK JR., P.J., and MARKEY, J. (WHITBECK, J., dis-
        senting), affirmed in an unpublished opinion per curiam (Docket
        No. 207755). The people appeal.

    In an opinion per curiam, signed by Justices KELLY, TAYLOR,
    CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

    The trial court considered an inappropriate factor in concluding
    that a departure from the statutory sentencing mandate was war-
    ranted, requiring reversal and remand to the trial court for
    resentencing.

    1. Only objective factors that are capable of verification may be
    used to assess whether there are substantial and compelling rea-
    sons to deviate from the minimum term of years imposed by the
    Legislature for certain drug offenses. Examples of appropriate fac-
    tors are: mitigating circumstances surrounding the offense, the
    defendant's prior record, the defendant's age, and the defendant's
    work history. Also, it would be proper to consider factors that
    arose after the defendant's arrest, such as cooperation with law
    enforcement officials. However, a defendant's expression of
    remorse should not be considered.

    2. In this case, because the trial court did not rely solely on the
    defendant's remorse in reaching its departure decision, but also
    listed several objective and verifiable factors, it is necessary to
    remand to the trial court to determine whether there are substan-
    tial and compelling reasons to deviate when only appropriate fac-
    tors are considered. It is not sufficient simply to identify objective
    and verifiable factors. The sentencing court also must specifically
    articulate the reasons why the factors it identifies and relies upon
    collectively provide substantial and compelling reasons to except
    the case from the legislatively mandated regime.

Reversed and remanded.

Justice CAVANAGH, dissenting, stated that the trial court did not abuse its discretion in determining that the facts of the present case provided substantial and compelling reasons to depart from the statutory minimum sentence.

MCL 333.7401(4); MSA 14.15(7401)(4) provides that a court may depart from a mandatory minimum sentence if it finds on the record that there are "substantial and compelling" reasons to do so. *People v Fields*, 448 Mich 58 (1995), effectively replaced this test with one that requires that only "objective and verifiable" factors may be considered by the court. The Legislature specified no limitations on the types of factors the sentencing court may consider. It only specified the threshold that the sentencing court must reach: the circumstances must establish a substantial and compelling case for sentencing departure. Under the statute, the test is not whether each factor considered was objective and verifiable, but whether the nature and extent of the factors rise to the level of substantial and compelling reasons, in the mind of the sentencing judge, to depart from the mandatory minimum sentence.

In this case, even under the *Fields* test, the trial judge did not abuse his discretion in finding substantial and compelling reasons to depart from the statutory minimum sentence. He made extensive remarks regarding his decision to depart below the mandatory minimum and emphasized the requirement that he rely on objective and verifiable factors under *Fields*. His consideration of remorse and family ties in assessing defendant's potential for rehabilitation was proper. Even if it were argued that remorse cannot be considered, it is clear that the remorse analysis, at least partially, went toward assessing defendant's potential for rehabilitation, a factor proper under case law. Any error was harmless. Therefore, a remand for resentencing is not only inappropriate, but also a waste of judicial resources.

The plain language of the statute requires the court to make findings on the record that there are substantial and compelling reasons to deviate from the mandatory minimum sentence. The majority limits the statute by requiring an automatic resentencing when it determines that one of many factors considered was not objective and verifiable.

Chief Justice WEAVER, dissenting, stated that all relevant factors, not only those that are objective and verifiable, should be considered when determining whether there are substantial and compelling reasons to depart from the mandatory minimum sentence to be imposed for a drug offense. However, it is doubtful that subjective factors, standing alone, would be sufficient to establish substantial

and compelling reasons for departure. Sentencing judges do not possess unfettered discretion to depart from the mandatory minimum sentence. It is presumed that the mandatory minimum sentence is appropriate, and substantial and compelling reasons for departure would be found only in exceptional cases. Because the sentencing court in this case clearly considered a preponderance of objective and verifiable factors in conjunction with the factor of remorse, the defendant's sentence should be affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Dennis J. Bagley* for the defendant-appellee.

Amicus Curiae:

*Elwood L. Brown*, President, *Gary L. Walker*, Marquette County Prosecuting Attorney, and *Terrence E. Dean*, Appellate Counsel, for Prosecuting Attorneys Association of Michigan.

PER CURIAM. The defendant was convicted of delivering between 50 and 225 grams of cocaine, which presumptively requires a prison term of ten to twenty years. The trial court concluded that there were substantial and compelling reasons for departing from the statutory mandate, however, and imposed a prison term of five to twenty years. We agree with the dissenting judge in the Court of Appeals that the trial court considered an inappropriate factor in concluding that a departure was warranted. We thus reverse and remand to the trial court for resentencing.

I

The defendant was arrested in November 1996 and charged with delivering cocaine on four different occasions to an undercover police officer. A jury convicted him of one count of delivery of 50 grams or more but less than 225 grams of cocaine, and three counts of delivery of less than 50 grams of cocaine. MCL 333.7401(2)(a)(iii), 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iii), 14.15(7401)(2)(a)(iv).

The presumptive penalty for delivery of 50 or more but less than 225 grams of cocaine is a mandatory prison term of ten to twenty years. There is an exception, however:

> The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so. [MCL 333.7401(4); MSA 14.15(7401)(4).][1]

In the instant case, the trial court concluded that there were substantial and compelling reasons for departure, and imposed a prison term of five to ten years for delivery of 50 or more but less than 225 grams of cocaine. With respect to the three counts of delivery of less than 50 grams of cocaine, the court sentenced the defendant to serve consecutive[2] prison terms of one to twenty years.[3]

---

[1] The statute has been amended by 1996 PA 249 and 1998 PA 319, but the changes do not affect this case.

[2] See MCL 333.7401(3); MSA 14.15(7401)(3).

[3] The trial court imposed the presumptively mandatory prison terms of one to twenty years with respect to the defendant's convictions for delivery of less than 50 grams of cocaine.

The prosecutor appealed to the Court of Appeals, arguing, among other things, that the trial court improperly had considered the "remorse" of the defendant in departing from the mandatory sentence. The Court of Appeals affirmed, however, with Judge WHITBECK dissenting.[4]

The prosecutor appealed to this Court.

II

In concluding that there were substantial and compelling reasons in the instant case for departing from the presumptively mandatory sentence of ten to twenty years prescribed by the Legislature, the trial court first noted that the defendant did not have a prior record. The court then stated:

> I'm also very impressed by your letter of remorse. I am impressed by the remorse that you've shown. So many of the people, Attorney Hand [the assistant prosecutor], who come before me when I sentence them over the years, their only comment was, "I'm going to appeal you, Judge." That's what I get. There is a man that has not mentioned that; of course, he has the right to. But he said he's very sorry. And remorse is very important to the re-establishment and to behavior modification.

Before imposing sentence, the trial court also noted that the defendant had provided assistance to police, that he had strong family support, and that he was only seventeen at the time of his offense.

The Court of Appeals held that the trial court did not clearly err in finding that there were "substantial and compelling factors" that warranted a departure

---

[4] Unpublished opinion per curiam, issued November 20, 1998 (Docket No. 207755).

from the statutory mandate in this case. Neither did the trial court abuse its discretion in determining that those "properly identified factors" constituted substantial and compelling reasons to depart, the Court said.

Writing in dissent, Judge WHITBECK concluded that a remand for resentencing was necessary because this Court has specified that a defendant's expression of remorse is a subjective factor that a trial court may not consider in determining whether a departure from the sentence mandated by statute is justified. *People v Fields*, 448 Mich 58, 69, 80; 528 NW2d 176 (1995). The dissent observed that, although the trial court also considered appropriate objective and verifiable factors in the instant case, the appropriate remedy under *Fields*[5] was to remand for resentencing "with only objective and verifiable factors to be considered by the trial court in determining whether to depart downward from the generally mandatory minimum sentence . . . ."

III

We agree with Judge WHITBECK that a remand is necessary. This Court held in *Fields* that only objective factors that are capable of verification may be used to assess whether there are substantial and compelling reasons to deviate from the minimum term of years imposed by the Legislature for certain drug offenses. In so doing, we adopted the basic tenets set forth by a special panel of the Court of Appeals[6] in

---

[5] 448 Mich 80.

[6] Supreme Court Administrative Order No. 1990-6, now MCR 7.215(H)(3).

*People v Hill*, 192 Mich App 102; 480 NW2d 913 (1991).[7]

This Court emphasized in *Fields* that the Legislature, in an effort to deter drug-related crime, intended that only in exceptional cases should sentencing judges deviate from the minimum prison terms mandated by statute. We listed examples of objective and verifiable factors that would be appropriate to consider in determining whether a departure is warranted: (1) mitigating circumstances surrounding the offense, (2) the defendant's prior record, (3) the defendant's age, and (4) the defendant's work history. We also said that it would be proper to consider factors that arose after the defendant's arrest, such as cooperation with law enforcement officials.[8]

---

[7] In *Hill*, the Court of Appeals adopted the test set forth in *People v Downey*, 183 Mich App 405; 454 NW2d 235 (1990), as modified by *People v Krause*, 185 Mich App 353; 460 NW2d 900 (1990).

[8] In *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972), this Court directed that sentencing judges be guided by the following criteria in fashioning an appropriate sentence: (1) the disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the defendant, and (4) the deterring of others from committing similar offenses. In *Downey*, n 7 *supra*, one of the cases cited with approval in *Fields*, the Court of Appeals explained the relationship between the *Snow* factors and the sentences mandated by the Legislature for certain drug offenses:

The Legislature's imposition of presumptively mandatory sentences for certain drug offenses reflects the Legislature's, and thus society's, determination that the length of the sentences contained in the statute are necessary to discipline the offender, to protect society and to deter others from committing drug offenses. The statutory amendment allowing deviation in exceptional circumstances reflects a desire to give judges some flexibility in making sentencing decisions based upon individual circumstances. Senate Legislative Analysis, SB 598, January 27, 1988. For these reasons we believe that the [objective and verifiable] factors which go into determining the rehabilitative potential of the defendant may be considered when determining if substantial and compelling reasons exist to deviate from the presumptive sentence. [183 Mich App 414.]

We expressly disapproved, however, considering a defendant's expression of remorse in determining whether to depart from the minimum sentence required by statute. In *Fields*, as in the instant case, "remorse" was one of the factors that the trial court cited in explaining the departure.[9]

As Judge WHITBECK emphasized, the trial court in the instant case did not rely solely on the defendant's remorse in reaching its departure decision, but also listed several objective and verifiable factors. However, as we explained in *Fields*:

> Sentencing normally is not a job for the appellate court, the usual procedure being to send the case back to the trial judge for resentencing if it is found that the sentence is in some respect deficient. It is unclear whether the trial judge in this case would have found substantial and compelling reasons to deviate from the statutory minimum solely on the basis of objective and verifiable factors. [448 Mich 80 (internal citation omitted).]

Accordingly, as in *Fields*, it is necessary to remand this matter for the trial court to determine whether there are substantial and compelling reasons to deviate, when only appropriate factors are considered. In this regard, we emphasize that it is not sufficient sim-

---

[9] In *Krause*, n 7 *supra*, another of the cases cited with approval in *Fields*, the Court of Appeals noted why remorse is not an appropriate factor to consider in making a "departure" decision:

> The fact that a defendant expresses remorse, whether orally or in writing, is an objective action which can be confirmed. However, a defendant's intent when he expresses remorse is within his own mind and is, therefore, subjective. It cannot be confirmed by his own statement. Consequently, his mere protestation of remorse should not be considered as a balancing factor for determining substantial and compelling reasons to depart from the mandatory sentence. [185 Mich App 358.]

ply to identify objective and verifiable factors. As Justice YOUNG explained, in writing for a unanimous panel of the Court of Appeals in *People v Johnson (On Remand)*, 223 Mich App 170, 173-174; 566 NW2d 28 (1997):

> Given the underlying legislative intent to insure that drug traffickers receive prescribed sentences unless there are exceptional circumstances justifying the deviation, *Fields* does not authorize the mere listing of garden variety "factors," even objective and verifiable ones, as a means of complying with legislative intent. Accordingly, we reemphasize that the simple iteration of objective and verifiable factors alone is insufficient to meet the statutory standard: the sentencing court must also specifically articulate the reasons why the factors it identifies and relies upon collectively provide "substantial and compelling" reasons to except the case from the legislatively mandated regime.

## IV

We briefly respond to the dissenting opinions in this Court. The dissenters express disagreement with—and would overrule—our decision in *Fields*, *supra* at 90, that factors in support of a downward departure under MCL 333.7401(4); MSA 14.15(7401)(4) must be objective and verifiable. We decline to overrule *Fields*, as we believe it was properly reasoned.

First, and most importantly, we simply believe that the decision in *Fields* was correct. Moreover, while not dispositive to our decision, we do note the obvious fact that hundreds, if not thousands, of sentencing decisions for drug-related crimes subject to generally mandatory minimum sentences under MCL 333.7401; MSA 14.15(7401) have been made since the

release of *Fields*. The trial courts imposing these sentences have presumably attempted to comply with *Fields* in deciding whether to undertake a downward departure under MCL 333.7401(4); MSA 14.15(7401). In light of this widespread reliance on *Fields*, overruling that decision could create havoc in the criminal justice system.

The precise meaning of the phrase "substantial and compelling reasons" as used in MCL 333.7401(4); MSA 14.15(7401)(4) is hardly self-evident. Thus, judicial construction is appropriate. *People v Valentin*, 457 Mich 1, 5-6; 577 NW2d 73 (1998). With regard to the meaning of the terms "substantial" and "compelling," the *Fields* Court stated:

> Statutes should be interpreted according to the common and approved usage of any undefined words within them. MCL 8.3a; MSA 2.212(1). *Webster's New World Dictionary, Third College Edition* defines "substantial," in relevant part, as, "2 real; actual; true; not imaginary 3 strong; solid; firm; stout 4 considerable; ample; large 5 of considerable worth or value; important . . . ." It defines "compelling," in relevant part, as, "irresistibly or keenly interesting, attractive, etc.; captivating . . . ."

> From these definitions it is evident that the words "substantial and compelling" constitute strong language. The Legislature did not wish that trial judges be able to deviate from the statutory minimum sentences for any reason. Instead, the reasons justifying departure should "keenly" or "irresistibly" grab our attention, and we should recognize them as being "of considerable worth" in deciding the length of a sentence.

> *          *          *

> In this context "substantial and compelling" cannot acquire a meaning that would allow trial judges to regularly use broad discretion to deviate from the statutory minimum. Such an interpretation would defeat the intent of the stat-

ute. Rather, it is reasonable to conclude that the Legislature intended "substantial and compelling reasons" to exist only in exceptional cases. [*Fields, supra* at 67-68.]

Accordingly, we agree with *Fields* that for a reason in support of a downward departure to be "substantial and compelling" it must be objectively verifiable rather than requiring assessment by the subjective impression of a sentencing judge. Without such a limitation, appellate courts could not assure that downward departures are only based on substantial and compelling reasons because a departure could be made for reasons, such as a trial judge's subjective acceptance of a defendant's protestations of remorse, that cannot be objectively measured in terms of their strength as mitigating factors. It is easy to envision the lack of an objective and verifiable factor requirement leading to widespread, rather than narrowly limited, departures from generally mandatory minimum sentences.

Contrary to the position taken by Justice CAVANAGH in his dissent, the trial court's consideration of the defendant's expression of remorse in this case was violative of *Fields*. The *Fields* Court expressly referred to a defendant's expression of remorse as a factor that may not be considered in undertaking a downward departure. *Id.* at 69, 80. This is because an appellate court cannot effectively or objectively review the sincerity of such an expression of remorse. The trial court's remarks at sentencing make clear that it heavily considered the defendant's expression of remorse as a factor in support of its downward departure. After the trial court stated its intention to undertake a downward departure and began justifying that decision, it referred to being

impressed by defendant's "letter of remorse." Further, after discussing remorse, the trial court even referred to the defendant's having assisted the police as *another* substantial and compelling reason for departure. This particularly highlights the trial court's clear reliance, contrary to *Fields*, on the defendant's expression of remorse as a factor in support of its downward departure.

V

For the reasons stated by the dissenting judge in the Court of Appeals, we reverse the decision of that Court and remand this matter to the trial court for resentencing with respect to the defendant's conviction for delivery of 50 or more but less than 225 grams of cocaine.[10]

KELLY, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J. (*dissenting*). The issue is whether the trial judge abused his discretion, requiring resentencing, when he considered defendant's remorse among several factors as substantial and compelling reasons to depart below the statutory minimum sentence. I would hold that there was no abuse of discretion in this case.

I

As is stated in my dissenting opinion in *People v Fields*, 448 Mich 58, 90; 528 NW2d 176 (1995), a

---

[10] As Judge WHITBECK noted, the consecutive sentences imposed with respect to the defendant's three convictions for delivery of less than 50 grams of cocaine were not challenged on appeal.

majority of this Court adopted a view that improperly
added limitations to judicial discretion that the Legis-
lature did not intend. MCL 333.7401(4); MSA
14.15(7401)(4) provides that a court may depart from
a mandatory minimum sentence if it finds on the
record that there are "substantial and compelling"
reasons to do so. The *Fields* majority effectively
replaced this test with one that requires that only
"objective and verifiable" factors may be considered
by the court. The Legislature specified no limitations
on the types of factors the sentencing court may con-
sider. It only specified the threshold that the sentenc-
ing court must reach, and that threshold is that the
circumstances of the case must establish a substantial
and compelling case for sentencing departure.

In this case, the majority provides that it adopted
the basic tenets set forth in *People v Hill*, 192 Mich
App 102; 480 NW2d 913 (1991). I agree with the dis-
senting opinion in *Hill* that

> [t]he test created by the majority is a judicial invention
> never contemplated by the Legislature. The key terms
> "objective" and "verifiable" remain undefined and are there-
> fore unworkable. We cannot look to the Legislature for
> guidance, because the Legislature has not used these terms.
> [192 Mich App 121.]

> [T]he majority has impermissibly allowed its personal
> views regarding drug policy to influence its decision.
> Clearly, the underlying purpose and intent of the majority's
> opinion is to impose standards and hurdles that no defend-
> ant can overcome. [192 Mich App 123.]

Under the statute, the test is not whether each fac-
tor considered was objective and verifiable, but
whether the nature and extent of the factors rise to
the level of substantial and compelling reasons, in the

mind of the sentencing judge, to depart from the
mandatory minimum sentence. I continue to disagree
with the decision to rewrite the statute at issue.

II

Having stated my disagreement with the *Fields* test,
I alternatively note that, even under that test, the trial
judge did not abuse his discretion in finding substan-
tial and compelling reasons to depart from the statu-
tory minimum sentence. The trial judge made exten-
sive remarks regarding his decision to depart below
the mandatory minimum and made sure to emphasize
the requirement that he rely on objective and verifia-
ble factors under *Fields*. After reviewing the applica-
ble case law, he stated:

> "The mandatory minimum sentence is a legislative
> expression of an appropriate sentence to discipline the
> wrong doer, protect society, deter others, and is, thus, pre-
> sumptively valid. The substantial and compelling reasons
> required by the statute before imposing the sentence less
> than the statutory minimum refer to objective and verifiable
> reasons and do not include . . . subjective facts. Included
> among the factors which may be considered by the Trial
> Court in determining whether there are substantial and
> compelling reasons to depart from the statutory minimum
> sentence are: Facts which mitigate Defendant's culpability,
> Defendant's prior criminal record, Defendant's age, and
> Defendant's work history."

\*     \*     \*

> It is my intention to deviate. And I have to tell you and
> the Court why. The first reason is that you have no prior
> record. Now, you have to take responsibility for what you
> did, but society has to know the fact that there is some
> good in what you didn't do, and that is you had no prior
> record. I'm also very impressed by your letter of remorse. I

am impressed by the remorse that you've shown. . . . And remorse is very important to the re-establishment and to behavior modification. Another reason, substantial and compelling, is that he assisted the Police. He has no Constitutional duty to assist the Police. . . . Further, I consider his family ties. I, being a parent and a grandparent, know the importance of family ties and rehabilitation of children . . . . And then, of course, your age. I don't have to make any further comment. We do, in America, give some credence to age as being significant.

The trial judge listed five factors for his departure: (1) defendant had no prior record, (2) he was remorseful, (3) he assisted the police, (4) he had strong family support, and (5) he was only seventeen at the time of the offenses. These remarks were made only after reciting the factors listed by the Court in *People v Downey*, 183 Mich App 405, 414; 454 NW2d 235 (1990), citing this Court in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972). In *Snow*, this Court directed sentencing judges to be guided by the following criteria in fashioning the appropriate sentence: (1) disciplining of the wrongdoer, (2) the protection of society, (3) the potential for reformation of the defendant, and (4) the deterring of others from committing similar offenses. The *Downey* Court went on to state that "the factors which go into determining the rehabilitative potential of the defendant may be considered when determining if substantial and compelling reasons exist to deviate from the presumptive sentence." 183 Mich App 414. *Downey* later stated:

> [A] defendant's *protestations of remorse* and his actions *after his arrest* which are relied upon to show his remorse and rehabilitative potential are much more subjective and thus would not, *absent other exceptional circumstances*, be

appropriate factors to consider. [183 Mich App 415-416 (emphasis added).]

Following disagreement in the Court of Appeals regarding this issue, a superpanel in *People v Hill, supra*, expressly rejected the *Downey* limitation that only prearrest conduct could be considered:

> [T]he trial court may consider postarrest facts, although consideration of postarrest facts should be undertaken with much greater caution than consideration of prearrest facts because of the risk that defendants will create postarrest events to influence the sentencing judge. [192 Mich App 115.]

The majority in *Hill* did not approve of or reject any specific factors. It did however, affirm the "objective and verifiable" test.

Similarly, a majority of this Court in *People v Fields* expressly overruled the notion that factors that arise after the defendant's arrest are disfavored. *Fields* further stated that these factors should be assigned the same weight as preexisting factors such as age or employment history. 448 Mich 77.

In *Fields*, the majority said that it was adopting the "substantial and compelling" test set forth in *People v Hill, supra*. The *Fields* Court also affirmed the *"Downey-Krause-Hill"*[1] test. *Id.* at 79. In those three cases though, as noted above, the Courts did not say that remorse could never be a departure consideration. *Downey* merely stated that mere protestations of remorse, and postarrest actions showing remorse and potential for rehabilitation, without other exceptional circumstances, would not be appropriate. *Fields*

---

[1] *People v Krause*, 185 Mich App 353; 460 NW2d 900 (1990).

expressly rejected the *Downey* conclusion regarding postarrest factors and gave them more weight. Therefore, in our case, the trial judge appeared to be looking at defendant's remorse in a permissible manner, i.e., to assess the defendant's rehabilitative potential, which the Court of Appeals said in *Downey* should be considered in determining if there are substantial and compelling reasons to depart from a presumptive sentence. In other words, the trial judge might have been looking beyond the defendant's "mere protestation," and instead considered objective evidence of remorse including the defendant's cooperation with police. It appears that the trial judge looked to defendant's remorse and his family ties in assessing defendant's potential for rehabilitation, which is a proper factor. In explaining his intent to depart, he made the following observations:

> Now, in sentencing you, I do take into consideration the case of *People v Johnson,* found at 116 Michigan Appeals 452 [323 NW2d 439 (1982)]. There, the Court said that the criminal sentence should fit the offender, rather than the offense alone. And it should be tailored to the particular circumstances of the case and the offender, in an effort to balance both society's need for protection *and its interest in maximizing the offender's rehabilitative potential.* The four factors that I consider in sentencing you, sir, are: The *reformation of the offender;* the protection of society; the disciplining of the wrong-doer; and the deterrence of others from committing like crimes. [Emphasis added.]

                              *     *     *

> [R]emorse is very important to the *re-establishment and to behavior modification.*

\*    \*    \*

Further, I consider his family ties. I . . . know the *importance of family ties and rehabilitation of children.* With my wife and God's help, I've never had to rehabilitate children. However, seven years as a Juvenile Judge told me there is no such thing as a rotten person. You know, there's good in everybody. And, the family helps bring out the good. The family is necessary—*the support of the family is necessary to keep a person straight.* [Emphasis added.]

Moreover, under *Downey*, remorse is an inappropriate factor "absent other exceptional circumstances." The facts of this case present several factors, one of which, according to *Fields*, should be given special attention.[2]

Under the test adopted in *Fields*, the factors considered in this case were proper. Therefore, as a matter of law, the consideration of remorse and family ties in assessing defendant's potential for rehabilitation was proper.

III

In order to give further support for upholding the decision of the trial court and Court of Appeals under *Fields*, it is necessary to apply the facts of the instant case to the principles set forth by the *Fields* majority.

The *Fields* majority took upon the task of assigning weight to certain sentencing departure factors. For example, it opined that courts should place particular emphasis on mitigating circumstances surrounding the offense. The majority provided that in *People v Bates*, 190 Mich App 281, 282-283; 475 NW2d 392

---

[2] This will be explained in detail in the next section.

(1991), where the defendant's only participation consisted of providing transportation for the seller, it was appropriate for a court to assign considerable weight to these facts in deciding whether to depart from the minimum sentence. *Fields, supra* at 76. The *Fields* majority also stated that "the defendant's cooperation with law enforcement officials should be given special attention by the sentencing court." *Id.* at 77. A combination of age and employment history of a particular defendant can also be "especially noteworthy" according to the *Fields* majority. *Id.* at 78, citing the facts in *People v Harvey*, 203 Mich App 445; 513 NW2d 185 (1994), where the defendant was thirty-three and had been employed with General Motors for fourteen years. Additionally, in *People v Shinholster*, 196 Mich App 531; 493 NW2d 502 (1992), the government's actions in the case, although not rising to the level of entrapment, purposefully escalated the crime. This factor, the *Fields* majority thought, was of particular importance and weighed heavily in favor of a deviation from the statutory minimum. *Fields, supra* at 79. Finally, in *People v Poppa*, 193 Mich App 184; 483 NW2d 667 (1992), the Court decided not to depart when the defendant claimed that his extensive cooperation with law enforcement combined with his assertion that he had problems resulting from his emigration from Romania and that he had difficulty adjusting to his newfound freedoms in America, caused him to commit crime. The *Fields* majority agreed.

In applying these principles to the present case, the trial judge's consideration of defendant's lack of a prior record and age was approved. *Fields, supra* at 77. Also, the fact that defendant assisted the police

"should be given special attention by the sentencing court."

> Such assistance enables the authorities to more effectively fight drug-related crime, thus advancing the fundamental goal of MCL 333.7401; MSA 14.15(7401). House Legislative Analysis, HB 4190, Third Analysis, May 17, 1978. We note that the federal sentencing guidelines allow courts to depart below statutory minimum sentences under similar circumstances, as do the sentencing laws of several states. [*Id.* (citations omitted).]

This "special" factor was not present in *Fields*, and the Court did not provide a rating for the consideration of family support or a defendant's potential for rehabilitation.

Because the factors considered are permitted under our case law, the trial judge's determination that objective and verifiable factors present in this case constituted substantial and compelling reasons to depart from the statutory minimum sentence did not amount to an abuse of discretion. *Fields, supra* at 78. Even if one were to argue that remorse cannot be considered, it is clear that the remorse analysis, at least partially, went toward assessing defendant's potential for rehabilitation. This factor is proper under both *Snow* and *Downey, supra.* As for any completely subjective or improper consideration of remorse, it could not have been error rising to an abuse of discretion when one considers the strength of the objective and verifiable factors present. Any error was harmless. Therefore, a remand for resentencing is not only inappropriate, but also a waste of judicial resources. It is clear from the lengthy sentencing transcript that the trial judge had decided to depart from the minimum sentence. Ordering the trial

court to remove any subjective portion of the consideration of remorse will not change this determination.

IV

The majority has chosen to limit the statute by requiring an automatic resentencing when it determines that one of many factors considered was not "objective and verifiable." Under this rule, if an appellate court wants to vacate a departure, it need only state that one factor was subjective. The majority now creates yet another hoop through which the sentencing judge must jump. A sentencing court is directed to not only list *solely* objective and verifiable factors, but must also " 'specifically articulate the reasons why the factors it identifies and relies upon collectively provide "substantial and compelling" reasons' " to depart below the mandatory minimum sentence. *Ante*, p 9. Again, our statute provides:

> The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court *finds on the record that there are substantial and compelling reasons to do so.* [Emphasis added.]

The plain language of the statute requires the court to make findings on the record that there are substantial and compelling reasons to deviate from the mandatory minimum sentence. Apparently, this language is insufficient, as the majority finds it necessary to emphasize that the findings must amount to a "specific articulation" and explain reasons "why" the factors "collectively provide" substantial and compelling reasons to depart. Under the plain language of the statute, the court cannot simply list factors. It must "find on the record that there are substantial and

compelling reasons to [depart]." I am lost with
respect to the distinction between the statutory lan-
guage and the newly stated requirements. It appears
that the majority is merely providing yet another hur-
dle for, or warning to, the judge who chooses to
depart from a mandatory minimum sentence.

Perhaps the majority is of the opinion that the trial
judge's ten-page statement of substantial and compel-
ling reasons for departure was insufficiently articu-
lated, or that his reasons were not collectively relied
upon, or that he did not *specifically state* that the
reasons were collectively relied upon. The result is
that appellate courts now have an additional reason
to send the case back for resentencing.

V

For these reasons, I would affirm the Court of
Appeals determination that the trial court did not
abuse its discretion in determining that the facts of
the present case provided substantial and compelling
reasons to depart from the statutory minimum
sentence.

WEAVER, C.J. I dissent from the majority opinion
because I continue to subscribe to the position articu-
lated by Judge GRIFFIN in his dissenting opinion in
*People v Hill*, 192 Mich App 102; 480 NW2d 913
(1991), which I joined. I believe that *all relevant fac-
tors*, not only those that are objective and verifiable,
should be considered when determining whether
there are substantial and compelling reasons to
depart from the mandatory minimum sentence to be
imposed for a drug offense. Consequently, I would
modify *People v Fields*, 448 Mich 58; 528 NW2d 176

(1995), to the extent that it prohibits all relevant factors from being considered and requires a remand whenever subjective factors are considered. However, while permitting subjective factors to be considered, I would also recognize, as did the dissent in *Hill*, that it is doubtful that subjective factors, standing alone, would be sufficient to establish substantial and compelling reasons for departure.[1] Further, I would emphasize that sentencing judges do not possess unfettered discretion to depart from the mandatory minimum sentence. It is presumed that the mandatory minimum sentence is appropriate, and I would expect that substantial and compelling reasons for departure would be found only in very exceptional cases.

In this case, in explaining its reasons for departure, the sentencing court referred to the following factors: defendant's potential for rehabilitation, the protection of society, the disciplining of the wrongdoer, the deterrent effect of punishment, defendant's age, defendant's cooperation with police, defendant's strong family support, and defendant's remorse. Because the sentencing court clearly considered a preponderance of objective and verifiable factors in conjunction with the subjective factor of remorse, I would affirm defendant's sentence.

---

[1] The *Hill* dissent stated:

Although a sentencing judge should not be limited to consideration of sentencing factors that are both "objective" and "verifiable," I recognize that conduct that may be so characterized may prove to be the most substantial and compelling. I would expect "substantial and compelling reasons" to be found only in exceptional cases, and I doubt that "subjective" considerations, standing alone, will prove to be substantial and compelling. [*Hill, supra* at 124.]