Weaver, J.
(dissenting in part and concurring in part). I dissent from the majority’s result and opinion and would affirm the Court of Appeals decision. I dissent because (1) I continue to believe that the phrase “a substantial and compelling reason” does not limit the trial court to considering only factors that are “objective and verifiable” and (2) I agree with the standard for remand articulated by the Chief Justice in her partial dissent rather than with the majority’s remand analysis. I concur only in (1) the majority’s basic recognition that the language of MCL 769.34(3) requires the court to state on the record a substantial and compelling reason for departing from the guidelines and (2) the majority’s refinement of the abuse of discretion standard.
First, pursuant to the legislative sentencing guidelines,
*281 A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in [MCL 777.1 et seq.] if the court has a substantial and compelling reason for that departure and states on the record the reasons for that departure. All of the following apply to a departure:
(a) The court shall not use an individual’s gender, race, ethnicity, alienage, national origin, legal occupation, lack of employment, representation by appointed legal counsel, appearance in propria persona, or religion to depart from the appropriate sentence range.
(b) The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight. [MCL 769.34(3).]
While I concur in the majority’s basic recognition that the language of the statute requires the trial court to state on the record “a substantial and compelling reason” for its departure from the sentencing guidelines, I dissent from the rest of the majority’s analysis. The language of the statute is plain and unambiguous, and the majority’s excessive interpretation of this language, which is clear on its face, is unnecessary.
Second, I agree with the standard for remand articulated by the Chief Justice in her partial concurrence and partial dissent, rather than with the majority’s remand analysis. MCL 769.34(11) provides:
If, upon a review of the record, the court of appeals finds the trial court did not have a substantial and compelling reason for departing from the appropriate sentencing range, the court shall remand the matter to the sentencing judge or another trial court judge for resentencing under this chapter.
*282 Pursuant to this language, a remand to the trial court is only required “if the Court of Appeals, after reviewing the record provided by the trial court, determines that there is not a single substantial and compelling reason for departing from the guidelines, as defined in MCL 769.34(3).” Ante at 278. Further, as the Chief Justice notes, the majority’s approach will, as a practical matter, “force the Court of Appeals to remand innumerable cases to the trial courts for resentencing or rearticulation” and “will create needless additional work for an already overburdened trial bench.” Ante at 277-278. Consequently, I agree with the Chief Justice that the majority’s opinion functionally requires at the end of every judgment of sentence the disclaimer she articulates.
Third, I continue to believe that a “substantial and compelling reason” does not limit the trial court to considering only factors that are “objective and verifiable.” Rather, I continue to subscribe to the position articulated in my dissent in People v Daniel, 462 Mich 1, 22-23; 609 NW2d 557 (2000), that all relevant factors, not only those that are objective and verifiable, should be considered when determining whether there is a substantial and compelling reason to depart from the sentencing guidelines.
Fourth, I concur with the majority’s refinement of the abuse of discretion standard. Ante at 269. The abuse of discretion standard, as previously articulated in Spalding v Spalding, 355 Mich 382, 384-385; 94 NW2d 810 (1959), was so exaggerated that it unreasonably limited appellate court review.
Sentencing a defendant for the crime committed is a discretionary act. As recognized by the majority, “the trial court is optimally situated to understand a *283 criminal case and to craft an appropriate sentence for one convicted in such a case.” Ante at 267. Consequently, a considerable degree of deference should be afforded the trial court. Today, the majority provides a reasonable definition of that deferential standard:
At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. . . . When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court’s judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of outcomes. [Ante at 269 (citations omitted).]
I emphasize that according to this standard, the trial court does not abuse its discretion if it selects a different principled outcome than the reviewing court would have chosen from the range of principled outcomes.
Applying the principles discussed herein to the facts of this case and considering all relevant factors, I would conclude that the trial court did not abuse its discretion in departing downward from the sentencing guidelines. The trial court offered the following reasons for its departure: (1) the probation agent recommended probation, (2) abuse of the victim by her uncle and separation from her grandmother caused a great part of the harm suffered by the victim, (3) defendant’s original attorney recommended probation, (4) correspondence from defendant’s brother’s special-education teacher and from defendant’s brother’s attorney indicated that defendant was the caregiver for his brother, who suffers severe disability *284 because of cerebral palsy and mental retardation, and (5) a letter from defendant’s physician indicated that defendant has a herniated disc in his back. The articulation of these factors satisfies the requirement that the trial court articulate a substantial and compelling reason on the record for its downward departure. Moreover, the trial court’s decision did not venture beyond the range of principled outcomes under the circumstances. Therefore, the trial court did not abuse its discretion, and the judgment of the Court of Appeals should be affirmed.