WEAVER, J.
(dissenting in part and concurring in part). I respectfully dissent from the majority’s decision to vacate the Court of Appeals decision and remand this case for resentencing. Consistent with my opinions in People v Daniel[1] and People v Babcock,[2] would consider all relevant factors, including police conduct, when determining whether there is a substantial and compelling reason to depart from the sentencing guidelines ranges, and I would not limit how the factor of police conduct may be considered.[3]
Applying the reasoning of my opinion in Babcock to the facts of this case, I would conclude that the trial court did not abuse its discretion in departing downward *744 from the sentencing guidelines range because the trial court’s sentence in this case was within the principled range of outcomes.[4] Therefore, I would affirm the Court of Appeals decision affirming defendant’s sentence.
But I concur in the majority’s conclusion that the United States Supreme Court’s decision in Blakely v Washington, 542 US_; 124 S Ct 2531; 159 L Ed 2d 403 (2004), which considered whether facts that increase the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to the jury, does not affect Michigan’s scoring system, which establishes the recommended minimum sentence.

 People v Daniel, 462 Mich 1, 22-23; 609 NW2d 557 (2000) (Weaver, C.J., dissenting).

 People v Babcock, 469 Mich 247, 280-284; 666 NW2d 231 (2003) (Weaver, J., dissenting in part and concurring in part).

 The majority holds that while police misconduct may not be considered, an “enhanced intent” that results from police misconduct may be considered when determining whether to depart from the guidelines ranges. Ante at 718, 725. The majority opinion does not explain how sentencing courts are to distinguish practically between police misconduct, which is an impermissible consideration under its analysis, and the “enhanced intent” that results from police misconduct, which is a permissible consideration under its analysis.

 Babcock, supra at 282-283.