# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TIMOTHY MILES MEDLEY,

        Defendant-Appellee.

UNPUBLISHED
June 9, 2015


No. 320089
Jackson Circuit Court
LC No. 12-005097-FH

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

The prosecution appeals the trial court's downward departure of defendant's sentence. For the reasons stated below, we vacate defendant's sentence and remand for resentencing consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Police officers saw that defendant's car did not have an operating license-plate light, and when they attempted to pull the vehicle over, defendant sped away. Thereafter, defendant led the police on a high-speed chase, over many roads, that lasted approximately 20 minutes. At times, defendant's car achieved speeds in excess of 80 miles per hour. Eventually defendant stopped his vehicle, got out, and fled the scene on foot. When police officers caught up with defendant, he fell to the ground and surrendered.

Defendant pled guilty to second-degree fleeing and eluding, MCL 750.479a(4), and third-offense operating a vehicle while intoxicated (OWI), MCL 257.625. In November 2013, the trial court sentenced defendant to two concurrent one-year terms in jail for each offense. This sentence was well below the range suggested by the sentencing guidelines, which, based on defendant's extensive criminal history, specified a sentence of 29 to 71 months. The prosecution appealed this sentence to our Court, but the parties thereafter stipulated to a resentencing and agreed to dismiss the appeal.[1]

---

[1] *People v Medley*, unpublished order of the Court of Appeals, entered December 13, 2013 (Docket No. 319274).

However, the trial court's January 2014 "resentencing" of defendant was not actually a resentencing—it merely reimposed the same sentence it issued in November 2013. At the resentencing hearing, the trial court explained that it granted defendant a downward departure from the minimum range in the sentencing guidelines because defendant: (1) had allegedly remained sober for a significant period of time; and (2) did not injure anyone when he eluded police in a high-speed chase. The trial court also stated that it "incorporated" defendant's arguments for a downward departure, namely that defendant: (1) used an alcohol tether; (2) ran a successful business; and (3) felt remorse for his conduct.

The prosecution again appealed to our Court,[2] and says that the case should be remanded for resentencing because the trial court did not: (1) acknowledge that its sentence departed from the guidelines; and (2) explain why the more lenient sentence it gave, as opposed to the appropriate sentence suggested by the guidelines, was appropriate in light of the fact that defendant has a lengthy criminal history—including two convictions for fleeing and eluding police officers—and violated both probation and parole terms. Defendant asks us to affirm the trial court's sentence.

## II. STANDARD OF REVIEW

"In reviewing a trial court's grounds for departing from the sentencing guidelines, this Court reviews for clear error the trial court's factual finding that a particular factor in support of departure exists. However, whether the factor is objective and verifiable is a question of law that this Court reviews de novo." *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007) (citation omitted). The trial court's determination that these factors constitute "substantial and compelling reasons to depart from the statutory minimum sentence" is reviewed for an abuse of discretion. *Id*.

## III. ANALYSIS

A trial court may depart from the sentencing guidelines if it has "a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3).

> A substantial and compelling reason is an objective and verifiable reason that keenly or irresistibly grabs our attention; is of considerable worth in deciding the length of a sentence; and exists only in exceptional cases. To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed. [*Young*, 276 Mich App at 449-450 (citations omitted).]

If the trial court's reasons for departing from the recommended minimum sentence range are not substantial and compelling, the sentence is invalid. *People v Buehler*, 477 Mich 18, 24;

---

[2] *People v Medley*, unpublished order of the Court of Appeals, entered March 26, 2014 (Docket No. 320089).

727 NW2d 127 (2007). In all instances, "[f]or a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history." *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008).

In this case, defendant has an extensive criminal history. Of the 27 offenses contained in defendant's presentence investigation report, 8 have involved alcohol, and 6 of these have involved drunk driving. And, again, this is the *third time* defendant has been convicted of fleeing and eluding the police. In sum, as the prosecution noted, defendant is a long-term, chronic offender who poses an extreme danger to both himself and his fellow citizens. In light of these facts, and the obvious danger defendant's misconduct poses to others, the trial court was especially obligated to ensure that its departure from the sentencing guidelines "was proportionate to the defendant's conduct and prior criminal history"—i.e., that its departure was based on "objective and verifiable" factors that demonstrated defendant *would not* engage in this reckless behavior again.[3] *Smith*, 482 Mich at 300.

Here, none of the factors the trial court mentioned in making its downward departure have any relation to whether defendant will stop drinking to excess, driving, and placing himself and the community in danger. In other words, none of the reasons provided by the trial court in support of its downward departure so "keenly or irresistibly grab our attention" as to merit such a downward departure. *Young*, 276 Mich App at 449.

Defendant claims remorse for his actions, but the Michigan Supreme Court has explicitly stated that a defendant's expression of remorse—which will always be inherently subjective and unverifiable—cannot be considered when making a downward departure from the sentencing guidelines. *People v Daniel*, 462 Mich 1, 11; 609 NW2d 557 (2000). Moreover, it hardly need be said that expressions of remorse ring hollow in the face of repetition of the same conduct. And though defendant's successful self-employment is "objective and verifiable," it does not suggest, in and of itself, that defendant will forego drinking and driving, fleeing the police, and endangering the public. *Young*, 276 Mich App at 449. It is certainly possible to remain employed, even successfully employed, and abuse alcohol.[4]

---

[3] If defendant did not have so lengthy a record, we would not focus on whether the factors the trial court gave for its downward departure indicate that defendant would not again commit the crime of which he was convicted. But here, defendant has multiple convictions, and has clearly not changed his behavior, despite being given numerous opportunities to do so by our judiciary. For this reason, it becomes incumbent upon us to ensure that the trial court's downward departure was actually informed by factors that demonstrate defendant has changed his behavior and will not again put himself, police officers, or other motorists at risk of injury or death.

[4] If defendant had previously made his living through a criminal enterprise, like theft or drug-dealing, and had a history of such offenses, the trial court's invocation of his recent legal employment would have been more logical. This is because honest employment would demonstrate that defendant had abandoned the life of crime that lay at the root of such offenses.

Likewise, defendant's use of an alcohol tether, far from suggesting that defendant has "solved" his substance abuse problems, is actually evidence that defendant cannot be trusted to control his alcohol use—the state must do so for him. The fact that he used the tether, apparently as part of a probation program, is hardly reason for leniency. If anything, it, and this further instance of fleeing and eluding, is reason to doubt that defendant has fully addressed the underlying issues that caused him to drink to excess and recklessly flee the police on *three separate occasions*. And though defendant allegedly remained sober for an extended period of time, the trial court's reference to his "positive progress" in this regard is subjective, especially in light of the fact that excessive drinking led defendant, once again, to commit the charged crimes. *Young*, 276 Mich App at 449-450.

Most alarming is the trial court's puzzling citation of the fact that defendant did not injure anyone amongst its reasons for granting a downward departure. That no one was injured during defendant's escapade is not a reason for leniency—in fact, it only serves to highlight how defendant's actions endangered the community, and created the possibility that he *might* have seriously injured (or killed) another person. It should hardly need repeating, but this is especially so in light of the fact that defendant has led police on high-speed chases on at least three separate occasions. It is luck, not any choice or calculation made by defendant, that his reckless actions did not lead to the injury or death of others. That the trial court considered this fortunate occurrence a reason to grant defendant a downward departure from the guidelines is illogical and unpersuasive—if anything, in light of defendant's criminal history in this regard, it should have merited an *upward* departure from the guidelines. Indeed, if past is prologue, and defendant engages in drunk driving again, as seems inevitable from his record, but, sadly seriously injures or kills an innocent bystander, it will be small consolation to the victim's loved ones that the last time defendant was before the court, leniency was granted because no one had been killed in his previous episodes of drunk driving.

Accordingly, the trial court's departure from the sentencing guidelines was not justified, as the sentence it imposed was not "proportionate to the defendant's conduct and prior criminal history." *Smith*, 482 Mich at 300. We vacate defendant's sentence and remand his case for resentencing. Specifically, the trial court must resentence defendant so that the sentence is "proportionate to the defendant's conduct and prior criminal history." *Id*.

Vacated and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.


/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

-4-