*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASMIN ADILOVIC,

Plaintiff-Appellant,

v

MONROE, LLC,

Defendant-Appellee.

UNPUBLISHED
March 06, 2026
10:12 AM

No. 357342
Kent Circuit Court
LC No. 20-003233-CZ

## ON REMAND

Before: LETICA, P.J., and PATEL and YATES, JJ.

PER CURIAM.

In our prior opinion in this employment action, we affirmed the trial court's order granting defendant's motion for summary disposition. Factually, plaintiff was hired by defendant on March 15, 2017, as an inventory auditor. On April 27, 2017, plaintiff alleged that he suffered injury in the course of his employment and made a claim for worker's compensation benefits that same day. Defendant terminated plaintiff's employment on May 8, 2017. On May 4, 2020, plaintiff filed a complaint alleging wrongful termination from his employment in retaliation for requesting benefits under the Michigan Worker's Disability Compensation Act, MCL 418.101 *et seq*. Although plaintiff filed suit two years and 361 days after his termination, plaintiff had signed a supplemental agreement to limit the statute of limitations to six months. Defendant moved for summary disposition premised on the six-month period of limitations. Plaintiff opposed the dispositive motion, claiming he did not understand the employment application and supplement because of his English language limitations, the lack of consideration, and the lack of a valid waiver. The trial court granted defendant's dispositive motion. We affirmed, concluding that a 180-day limitations period was enforceable because the terms of employment became part of the contract in light of *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234, 244; 624 NW2d 101

-1-

(2001).[1] *Adilovic v Monroe, LLC*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2022 (Docket No. 357342), slip op at 1-4.

Plaintiff filed an application for leave to appeal with our Supreme Court. In lieu of granting leave to appeal, the Supreme Court vacated our prior judgment and remanded the case to us for reconsideration in light of *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 163989). See *Adilovic v Monroe, LLC*, ___ Mich ___, ___; 25 NW3d 675 (2025). Applying *Rayford*, we vacate the trial court's order granting defendant's motion for summary disposition and remand for further proceedings.

In *Rayford*, the plaintiff, a certified nursing assistant, was hired by the defendant, a nursing care facility, in February 2017. After being employed for one week, the plaintiff signed an acknowledgment that any claim or lawsuit arising from her employment must be filed within 180-days of the employment action. Within a few months of her employment, the plaintiff purportedly learned of inappropriate behavior between the defendant's upper management and some employees, resulting in preferential treatment. She claimed to report this impropriety to the defendant's human resources division and the state of Michigan. The plaintiff alleged that the defendant retaliated against her for the report and caused her to be criminally charged with filing a false report, but the charge was ultimately dismissed. In April 2020, the plaintiff filed suit alleging violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*., wrongful discharge, malicious prosecution, and abuse of process. After the defendant moved for summary disposition premised on the 180-day limitations period in the employment acknowledgment, plaintiff countered that the acknowledgment was an unconscionable adhesion contract. The trial court granted summary disposition in light of the clear and unambiguous language of the contractual acknowledgment, requiring that suit be filed within six months, and this Court affirmed. *Rayford*, ___ Mich at ___, slip op at 2-5.

The *Rayford* Court adopted the definition of an adhesion contract as "[a] standard-form contract prepared by one party, to be signed by another party in a weaker position, usu. a consumer, who must essentially either accede (adhere) to the terms or not have a contract at all." *Id*. at ___, slip op at 18 (quotation marks and citation omitted). Contracts in which the employee occupies a weaker position than the employer deserve "close judicial scrutiny." *Id*. at ___, slip op at 34. To ascertain whether a shortened limitations period is reasonable, one must examine whether "(1) the claimant has sufficient opportunity to investigate and file an action, (2) the time is not so short as to work a practical abrogation of the right of action, and (3) the action is not barred before the loss or damage can be ascertained." *Id*. (quotation marks and citation omitted). Further, when a party to a contract has little to no bargaining power, it may be deemed unconscionable, both procedurally and substantively. *Id*. at ___, slip op at 37-39. When the record lacks development "to determine

---

[1] *Timko* was overruled in *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (2025) (Docket No. 163989), slip op at 40, "to the extent that it could be interpreted as accepting a shortened limitations period of 180 days as per se reasonable."

the reasonableness of the shortened limitations period and whether the provision was unconscionable," a remand to the trial court is appropriate. *Id*. at 33.[2]

In the trial court, no determination of the reasonableness of the shortened limitations period or unconscionability occurred.[3] Rather, the trial court's analysis predominantly consisted of the application of contract law and the enforcement of unambiguous agreement language. Accordingly, we vacate the trial court's order granting defendant's motion for summary disposition and remand for application of *Rayford*.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Sima G. Patel
/s/ Christopher P. Yates

---

[2] In *Johnson v Best Buy Company, Inc*, ___ Mich App ___; ___ NW3d___ (2025) (Docket No. 363807), this Court recently applied *Rayford* to a contractual arbitration provision and determined that the arbitration provision was reasonable and not unconscionable. *Id*. at ___; slip op at 5-6. The *Johnson* decision does not alter our disposition; it did not involve the reasonableness of a shortened six-month period of limitations.

[3] We granted plaintiff's request to file a supplemental brief and allowed defendant to file a responsive brief. *Adilovic v Monroe, LLC*, unpublished order of the Court of Appeals, entered November 21, 2025 (Docket No. 357342). Defendant did not file a response brief. In his supplemental brief, plaintiff urges us to apply the *Rayford* decision retroactively. We complied with the Supreme Court order to reconsider our prior judgment in light of *Rayford* and were not directed to determine whether *Rayford* applied retroactively or prospectively. Additionally, plaintiff requests that we decide issues that were "added" to the application for leave to appeal by the Supreme Court. Again, we have complied with the Supreme Court's order by analyzing *Rayford*. As an error-correcting court, our review is generally limited to matters decided in the trial court. See *Burns v Detroit*, 253 Mich App 608, 615; 660 NW2d 85 (2002). The Court of Appeals clearly errs when it injects "itself into the role of trier of fact[.]" *Bean v Directions Unlimited, Inc*, 462 Mich 23, 35; 609 NW2d 567 (2000). The trial court did not decide issues related to reasonableness and unconscionability. Accordingly, the proper action is to remand to the trial court to decide those matters. And while plaintiff requests that we consider a litany of issues, we reiterate that his complaint did not allege a claim of fraud and did not seek amendment of the complaint to add that claim.